UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BENJAMIN M. NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:19-CV-885-HAB |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Brief in Support of Complaint. (ECF No. 16). Defendant Andrew M. Saul, Commissioner, Social Security Administration (the "Commissioner") has filed his response (ECF No. 17) and Plaintiff has replied (ECF No. 18). This matter is now ripe for review.

**A.  Procedural History**

On April 28, 2016, Plaintiff protectively filed applications under Title II for a period of disability and disability insurance benefits and Title XVI for supplemental security income. In both applications, Plaintiff alleged a disability onset date of December 18, 2014. The claims were denied initially and on reconsideration. Thereafter, Plaintiff requested a hearing, and, on April 11, 2018, a hearing was held before Administrative Law Judge Trina Moore in Valparaiso, Indiana.

On August 20, 2018, the ALJ issued her Decision (R. 24–38) finding that Plaintiff was not disabled. Plaintiff requested review of the Decision from the Appeals Council, which request was denied on August 5, 2019. Having exhausted his administrative remedies, Plaintiff filed his

Complaint to Review Decision of Commissioner of Social Security (ECF No. 1) on October 8, 2019.

**B.      Legal Analysis**

**1.      *Standard of Review***

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations omitted).

In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted). While the ALJ need not discuss every piece of evidence in the record, she "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and

discuss only that evidence that favors [her] ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support [her] conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate [her] assessment of the evidence to assure" the court that she "considered the important evidence" and to enable the court "to trace the path of her reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

**2.    *The ALJ's Decision***

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A).

If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1). An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant

work, and (5) whether the claimant is capable of performing any work in the national economy. *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 18, 2014. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative joint disease of the right shoulder, insomnia, and borderline intellectual functioning. The ALJ also found that Plaintiff suffered from the following non-severe impairments: benign hypertension and gastroesophageal reflux disease.

At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (R. 143). The ALJ considered listings 1.02B and 12.05. At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally push and pull with the right upper extremity. He can never climb ladders, ropes, or scaffolds. He can occasionally reach in all directions with his right upper extremity. He can perform simple, routine tasks on a continuous basis. He requires a sit/stand option, alternating between sitting and standing, with standing for one hour and then sitting for 10 minutes throughout the day without being off-task. He can do no driving as part of his work duties.

(R. 30). Although the ALJ determined that Plaintiff could not perform any past relevant work, she determined that Plaintiff could perform jobs that exist in significant numbers in the national economy. As a result, the ALJ found that Plaintiff was not disabled.

**3.**     *The ALJ Failed to Account for Plaintiff's Mental Impairments in the RFC*

Plaintiff raises several arguments in support of his claims of disability, but the Court finds one argument conclusive. The ALJ found that Plaintiff had moderate limitations in understanding, remembering, or applying information; concentration, persistence, and pace; and his ability to adapt and manage oneself. Despite these findings, the only restriction in the RFC to account for

4

Plaintiff's mental impairments was the statement that Plaintiff could "perform simple, routine tasks on a continuous basis." Plaintiff argues that the RFC fails to properly account for his mental impairments, and the Court agrees.

As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *See O'Connor–Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical."); *Indoranto v. Barnhart*, 374 F.3d 470, 473–74 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."). This includes any mental deficiencies the claimant may have. *O'Connor–Spinner*, 627 F.3d at 619; ("Among the limitations the VE must consider are deficiencies of concentration, persistence and pace."); *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009) (hypothetical question "must account for documented limitations of 'concentration, persistence, or pace'") (collecting cases). Although it is not necessary that the ALJ use this precise terminology ("concentration, persistence and pace"), the RFC must account for all medically determinable limitations.

Relying on *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014), Plaintiff argues that the RFC's reference to "simple, routine tasks" fails to adequately account for Plaintiff's limitations. The Commissioner concedes that the ALJ used "canned language," but nonetheless claims that "when supported by the record evidence, the Seventh Circuit Court has upheld similar limitations as consistent with a moderate rating in the area of concentrating, persisting, or maintaining pace." (ECF No. 17 at 9). The Commissioner's argument contains, at best, an incomplete discussion of the authorities and is rejected.

5

The primary problem for the Commissioner is that his authorities do not stand for the proposition that an ALJ can account for the full range of mental limitations in this case, or indeed most cases, by limiting a claimant to simple, routine tasks. Take his primary authority, *Dudley v. Berryhill*, 773 Fed. Appx. 838 (7th Cir. 2019), for instance. There, the Seventh Circuit did uphold an RFC that contained a limitation to "simple, routine and repetitive tasks." *Id*. at 841. However, that was far from the only limitation in the RFC to account for mental limitations. Instead, the RFC also included:

- Work involving no more than simple decision-making;

- No more than occasional and minor changes in the work setting;

- Work requiring the exercise of only simple judgment;

- Tolerance of an average production pace, but not above average or variable pace;

- Preclusion from work involving direct public service, in person or over the phone;

- Tolerance for brief and superficial interaction with the public, which is incidental to job duties;

- Preclusion from work in crowded, hectic environments;

- Tolerance for brief and superficial interaction with supervisors and coworkers; and

- No tandem task work.

*Id*. *Dudley*, then, stands for little more than the unremarkable proposition that the ALJ's canned language does not compel remand so long as the RFC otherwise accounts for the claimant's limitations.

Moreover, even if the Commissioner's position was correct, it does not account for Plaintiff's moderate limitations in understanding, remembering, or applying information; and his ability to adapt and manage oneself. The Commissioner cites to no authority, and the Court can

find none, that concludes that "simple, repetitive tasks" can account for moderate limitations in each of these areas. The Commissioner provides no explanation as to how a limitation to "simple, repetitive tasks" accounts for Plaintiff's noted inability to complete tasks, read materials, or follow written instructions, or his difficulties in dressing and bathing. (R. 30). The Court concludes that it does not. As a result, the RFC and the hypothetical to the VE failed to account for all medically determinable limitations and is legally flawed. Remand is required.

**C.     Conclusion**

For the foregoing reasons, the ALJ's Decision is REVERSED and REMANDED. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant.

SO ORDERED on January 11, 2021.

                                               s/ *Holly A. Brady*
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT